FILED
Clerk
District Court
FEB 04 2015
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CARLTON STEVENS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH UTILITIES CORPORATION, ALAN W. FLETCHER, in his personal capacity, FRANCISCO CEPEDA, in his personal capacity, RICHARD WASSER, in his personal capacity, and PAUL RACZKOWSKI, in his personal capacity,<br><br>    Defendants. | CASE NO. 1:14-CV-00015<br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND** |

## I. INTRODUCTION

Defendant Commonwealth Utilities Corporation ("CUC") has moved to dismiss Plaintiff Carlton Stevens's ("Stevens") Second Amended Verified Complaint ("SAVC," Dec. 17, 2014, ECF No. 29) under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Motion to Dismiss, Dec. 30, 2014, ECF No. 30.) The matter has been fully briefed. (Opposition, Jan. 9, 2015, ECF No. 31; Reply, Jan. 15, 2015, ECF No. 32.) The Court is prepared to rule without oral argument, as permitted by LR 7.1. The Court will GRANT the Motion to Dismiss for failure to adequately plead compliance with the statutory preconditions to bring a Title VII action, and GRANT Stevens leave to amend.

## II. BACKGROUND

The parties are familiar with the background facts, as set forth in the Court's Order Granting Defendants' Motion to Dismiss ("Order," Dec. 3, 2014, ECF No. 28.) In the Order, the Court dismissed all claims against the individual defendants with prejudice, and against CUC

1

without prejudice, permitting Stevens to file a second amended complaint to allege facts showing that he exhausted administrative remedies and timely filed this Title VII action. In the SAVC and attached exhibits, Stevens has alleged these additional facts:

- On November 13, 2012, Stevens filed a first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 486-2013-00214 (hereinafter "the discrimination charge"). (SAVC ¶ 39.)
- CUC was notified of the complaint in late December 2012 or early January 2013. (SAVC ¶ 40.)
- On March 10, 2014, the EEOC's Honolulu office mailed Stevens notice of his right to sue on the discrimination charge within 90 days of his receipt of the notice. (Ex. F.)
- On March 3, 2014, Stevens filed a second charge of discrimination with the EEOC, No. 486-2014-00182 (hereinafter "the retaliation charge"), in which he alleged that the removal of the job vacancy announcement and the statement that the job would be readvertised were in retaliation for the discrimination charge. (SAVC ¶ 48.)
- "On August 28, 2014, E.E.O.C. issued a Notice of Right to Sue in E.E.O.C. Charge No. 486-2013-00214. Brown Dec Ex. H." (SAVC ¶ 49.)

Paragraph 48 of the SAVC represents a second charge made in 2014 and relies on Exhibit G, but the exhibit pertains to the 2013 charge. Also, paragraph 49 contains a clear typo: the right-to-sue notice that the EEOC issued in a letter dated August 28, 2014, as shown in exhibit H, is for 486-2014-00182, the retaliation charge.

### III.    ARGUMENTS OF THE PARTIES

CUC observes that even with these amendments, the SAVC fails to allege that Stevens filed suit within 90 days after the EEOC issued him a right-to-sue notice, as required by statute, 42 U.S.C. § 2000e-5(f)(1). (Motion, pp. 3–5.) Stevens's exhibit F, "Dismissal and Notice of Rights," indicates that on the discrimination charge, the EEOC mailed notice on March 10, 2014. The original complaint was filed in the district court on June 18, 2014, which is 100 days after

2

notice was mailed. CUC asserts that unless the lawsuit was timely filed, the district court lacks subject-matter jurisdiction; that it is Stevens's burden, as plaintiff, to allege jurisdiction by pleading that he filed within the statutory period; and that Stevens has failed to carry that burden. (Motion, p. 4.)

Stevens admits that he failed to plead sufficient facts to show that he filed suit within 90 days of receiving notice from the EEOC. (Opposition, p. 5.) To remedy the omission, he appended to the Opposition a sworn declaration of counsel stating that he received the EEOC's March 10 notice letter on March 23, 2014, and his own notarized statement to the same effect. (Declaration of Pamela Brown, Jan. 9, 2015, ECF No. 31-1; Ex. I.) He asks the Court to treat these documents as if they had been attached to the SAVC, or in the alternative to grant leave to amend the complaint a third time. (Opposition, pp. 5–6.)

CUC replies that the declaration and notarized statement cannot be considered part of the pleadings on a motion to dismiss. (Reply, pp. 1–2.) It asserts that in the absence of evidence of when notice was received, courts in the Ninth Circuit apply a "three-day mailing presumption" (*id.*, p. 3), which is not enough time to save Stevens's case. If the case is not dismissed with prejudice on that basis, CUC asks that Stevens be required to fix some inconsistencies between the facts pled and those shown by documents he has attached to the pleading, and to conform all statements to the requirements of 28 U.S.C. § 1746. (*Id.*, p. 2.)

### IV.   DISCUSSION

The parties agree that the SAVC does not adequately plead that Stevens filed this action within 90 days of receipt of the EEOC's right-to-sue notice. The effect of this failure needs some discussion.

Federal courts are courts of limited jurisdiction, and the plaintiff has the burden to plead sufficient facts to show that the court has jurisdiction over the subject matter of the lawsuit. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Some Ninth Circuit panels have treated the time limits set forth in Title VII of the Civil Rights Act of 1964 as jurisdictional. See *Vasquez v. Cnty. of Los Angeles,* 349 F.3d 634, 644 (9th Cir. 2003); *B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1099 (9th Cir. 2002). But these cases are in tension with Supreme Court precedent. Compliance with Title VII filing periods is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires[.]" *Zipes v. Trans World Airlines Inc.,* 455 U.S. 385, 398 (1982). Other Ninth Circuit cases acknowledge that the filing periods are not jurisdictional. "We do not recognize administrative exhaustion under Title VII as a *jurisdictional requirement* per se; we treat it as a legal question under the de novo standard because the issue is whether the plaintiff has satisfied a *statutory precondition* to suit." *Vinieratos v. U.S., Dep't of Air Force Through Aldridge,* 939 F.2d 762, 768 n.5 (9th Cir. 1991) (original emphasis); "A number of our circuit cases have also held that the administrative exhaustion requirements under Title VII are not jurisdictional but are conditions precedent to filing an action which a defendant may waive or be estopped from asserting." *Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir. 2001). In particular, the requirement to file a civil action within 90 days of notice that the EEOC has dismissed a claim "constitutes a statute of limitations." *Scholar v. Pacific Bell,* 963 F.2d 264, 266–67 (9th Cir. 1992); *Payan v. Aramark Mgmt. Serv. Ltd. P'ship,* 495 F.3d 1119, 1121 (9th Cir. 2007) ("the ninety-day period operates as a limitations period").

Because the 90-day limitations period is not jurisdictional, the assertion that a Title VII

4

action is time-barred should be analyzed as a statute-of-limitations affirmative defense under Rule 12(b)(6), not a jurisdictional defense under Rule 12(b)(1). *See Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); *Iniguez v. Boyd Corp.,* 2009 WL 2058529, *3, 106 Fair Empl. Prac. Case (BNA) 1319 (E.D. Cal. July 14, 2009). A Rule 12(b)(6) motion may be granted on statute-of-limitations grounds "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon,* 614 F.2d at 682.

Stevens requests that his statement and his counsel's declaration, submitted with his Opposition, be read into the SAVC. The Court cannot do that. On a Rule 12(b)(6) motion, generally only the pleadings, exhibits attached thereto, and matters subject to judicial notice may be considered. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007). Deficiencies in the complaint cannot be remedied by attaching new exhibits to an opposition brief. "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Tietsworth v. Sears,* 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)).

The 90-day limitations period to file a civil suit commences on "the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan,* 495 F.3d at 1122. The SAVC and attached documents do not say when Stevens received the EEOC's notice letter. If the receipt date is unknown, courts in the Ninth Circuit apply a rebuttable presumption that the letter was received three days after mailing. *Id.* at 1126. The EEOC mailed the right-to-sue notice on the discrimination claim on March 10, 2014. Under the three-day rule, the 90-day clock started ticking on March 13. By June 18, the date when Stevens filed this lawsuit, 97 days had

passed. Without an equitable reason why the limitations period should be tolled, this action would be time-barred.

Stevens has asked the Court for leave to amend his complaint once again, in order to plead facts establishing the actual date he received the right-to-sue notice. Leave to amend should be given freely when justice so requires, unless amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989); Fed. R. Civ. P. 15(a)(2). As to unfair prejudice, CUC has not objected to Stevens's request. There is no indication that amendment is sought in bad faith or that it will create undue delay. On the basis of Stevens's proffer, it does not appear that amendment would be futile. Moreover, application of the three-day presumption to CNMI plaintiffs may produce unfairly harsh results and should be avoided if possible. First-Class Mail takes considerably longer to reach the CNMI, even if only from Honolulu, than it does to travel between states in the mainland. Therefore, the Court will give Stevens one last opportunity to amend his complaint.

### V. CONCLUSION

For the reasons stated above, CUC's Motion to Dismiss is GRANTED without prejudice and with leave for Stevens to amend his complaint a third time. The third amended complaint must be filed **within seven days** of the date of this order or the case will be dismissed with prejudice. Leave to amend is limited to alleging facts and attaching documents that are relevant to the determination of whether Title VII's filing deadlines and other exhaustion requirements have been met.

In the initial complaint and first amended complaint, Stevens sued four individual

defendants in their personal capacity. In the Order of December 3, 2014 (ECF No. 28), the Court dismissed all claims against those four defendants with prejudice. In the SAVC, Stevens changed the caption to name the four individuals as defendants in their *official* capacity. This change was beyond the scope of the leave to amend factual allegations that the Court granted in the Order. If Stevens wishes to so amend the complaint, he must file a motion for leave to amend the pleading and the caption, in accordance with Rule 15 of the Federal Rules of Civil Procedure, and show good cause why leave should be granted.

CUC's other Rule 12(b)(6) arguments are mooted by this ruling. If Stevens files a third amended complaint, CUC may renew them in a subsequent motion.

The hearing set for February 5, 2015, is vacated, and the parties' stipulated motion to reschedule the hearing (ECF No. 33) is denied as moot.

SO ORDERED this 4th day of February, 2015.

RAMONA V. MANGLONA
Chief Judge